UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALGIERS DEVELOPMENT DISTRICT                          CIVIL ACTION

VERSUS                                                NO. 16-16402

VISTA LOUISIANA, LLC, ET AL.                          SECTION "S"

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Algiers Development District's Motion to Remand (Doc. #6) is **DENIED**.

BACKGROUND

This matter is before the court on a motion to remand filed by plaintiff, Algiers Development District ("ADD").  ADD argues that this matter must be remanded to the Civil District Court, Parish of Orleans, State of Louisiana because this court lacks subject matter jurisdiction.

ADD, an economic development district and political subdivision of the State of Louisiana, acquired ownership of the former United States Navy barracks and associated property in Orleans Parish, Louisiana for the purpose of enhancing the economic development of the property and surrounding areas through the creation of a mixed use commercial and residential development. To accomplish this mission, ADD entered into contracts with defendants, Vista Louisiana, LLC, Vista Trust and DeVere Construction Company, Inc.  The contracts included a Master Development Agreement dated March 2, 2015, a First Supplemental Development Agreement dated January 1, 2016, and a Purchase and Sale Agreement dated January 7, 2016. Under the contracts ADD agreed to sell all or part of the property to defendants for development after defendants fulfilled certain contractual obligations including: (1) providing timely and satisfactory

evidence of financial commitments; (2) submitting completed project business plans; and, (3) obtaining approval from the City of New Orleans to subdivide the property.

On October 14, 2016, ADD filed this declaratory judgment action against defendants in the Civil District Court, Parish of Orleans, State of Louisiana alleging that defendants failed to fulfill their contractual obligations to provide timely and adequate evidence of financial commitments, obtain rezoning, and provide adequate project business plans.  ADD alleges that it terminated the contracts as a result of these failures. ADD seeks declarations that defendants breached the contracts by failing to perform their contractual obligations, and that as a result of the breaches, the contracts are terminated.

On November 16, 2016, defendants removed this action to the United States District Court for the Eastern District of Louisiana alleging both federal question and diversity subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332, respectively.  ADD moved to remand the matter to the Civil District Court, Parish of Orleans, State of Louisiana, arguing that neither asserted type of subject matter jurisdiction is present.

## ANALYSIS

### A.    Remand Standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).  In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See

Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction.  Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**B.      Diversity Subject Matter Jurisdiction under § 1332(a)**

Defendants allege that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different States.

**1.      Citizenship of the Parties**

Defendants claim that the parties are completely diverse.  ADD is a political subdivision of the State of Louisiana, and thus is a citizen of Louisiana.  In the Notice of Removal, defendants allege that DeVere is a citizen of Michigan because it is a corporation organized under the laws of, and that maintains its principal place of business in, Michigan. See 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of every state by which it has been incorporated and where it has its principal place of business).  ADD does not dispute these jurisdictional facts.

Defendants allege that Vista Louisiana and Vista Trust have the same citizenship, which is ultimately determined by the citizenship of Vista Trust.  As a limited liability company, Vista Louisiana's citizenship is determined by the citizenship of its members.  Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008).  Defendants allege that Vista Navy, LLC is the sole member of Vista Louisiana, and Vista Trust is the sole member of Vista Navy.  As to Vista Trust's citizenship, defendants allege the following pertinent facts: (1) Vista Trust was formed in Illinois; (2) Vista Trust was established by Lawrence and Nancy Starkman, who both reside in Illinois; (3) the beneficiaries of Vista Trust are Amanda Zick, who resides in Illinois, and Abagail

Van Earwage, who resides in California; and, (4) Jeffery Van Erwage, a resident of California, is the trustee of Vista Trust.

ADD argues that defendants' allegations regarding the citizenship of Vista Trust are insufficient to establish diversity jurisdiction because the defendants alleged that the beneficiaries and trustee "reside" in California and Illinois, not that they are citizens of those states.  ADD contends that an allegation of "residence" is not equivalent to one of "citizenship."  ADD also argues that the defendants failed to demonstrate that there are no other members or beneficiaries of Vista Trust, and that it is possible that Andrew Kramer, a citizen of Louisiana, who is the registered agent and manager of Vista Louisiana, could be a member of Vista Louisiana, Vista Navy or Vista Trust, which would destroy diversity jurisdiction.

### a.     Citizenship Allegations

The domicile of the parties, not their residence, is the key for the purposes of diversity jurisdiction. Combee v. Shell Oil Co., 615 F.2d 698, 700 (5th Cir. 1980).  "A party's residence in a state alone does not establish domicile." Preston v. Tenet Healthsystem Mem'l Med. Ctr., 485 F.3d 793, 798 (5th Cir. 2007).  Rather, domicile requires residence in the state and an intent to remain there. Id. "An allegation of residence is not sufficient for diversity jurisdiction purposes; instead, a plaintiff must allege citizenship to satisfy the requirements of § 1332(a)." Monardes v. Ayub, 339 Fed. Appx. 369 (5th Cir. 2009).  However, the court can determine jurisdictional matters by examining the pleadings and evidence in the record, such as affidavits.  Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

After ADD questioned defendants' jurisdictional allegations regarding the "residences" of various individuals involved in Vista Trust, defendants filed the affidavit of Lawrence J. Starkman, one of Vista Trust's settlers, to establish the individuals' citizenships.  Starkman declares that

Jeffry Van Earwage, the sole trustee of Vista Trust is a citizen of California; and the sole beneficiaries of the trust Amanda Zick and Abigail Van Earwage are citizens of Illinois and California, respectively.  ADD has not produced any evidence to challenge these citizenship assertions.  Thus, Starkman's affidavit sufficiently determines the citizenships of the relevant individuals.

### b.     Citizenship of a Trust

In <u>Americold Realty Trust v. Conagra Foods, Inc.</u>, 136 S.Ct. 1012 (2016), the Supreme Court of the United States established that, if a trust itself is suing or being sued, its citizenship for diversity jurisdiction purposes depends on the type of trust.  If it is a traditional trust, its citizenship is determined by the trustee's citizenship.  <u>Id.</u> at 1016.  However, if it is a business entity, the trust's citizenship is determined by the citizenship of all of its members. <u>Id.</u>

Defendants do not state in the Notice of Removal whether Vista Trust is a traditional trust or business entity. However, in his affidavit, Starkman explains that Vista Trust is a traditional trust that is an *inter vivos* gift for his children.  He also declares that Jeffry Van Earwage, a citizen of California, is the sole trustee of Vista Trust.  Starkman further states that Vista Trust is the sole member of Vista Navy, which is the sole member of Vista Louisiana.  Thus, Starkman's affidavit establishes that Vista Trust and Vista Louisiana are a citizens of California, and the parties are completely diverse.

### 2.     Amount in Controversy

With respect to the amount in controversy, in the Notice of Removal, defendants allege that:

> Diversity jurisdiction requires that the amount in controversy exceed $75,000 and that complete diversity exists, mandating that all persons on one side of the controversy be citizens of different states

than all persons on the other side. 28 U.S.C. § 1332.  Diversity
jurisdiction exists over this matter pursuant to 28 U.S.C. § 1332.

There is no other mention of the amount in controversy nor are any facts alleged with respect to the amount in controversy to support defendants' assertion that "diversity jurisdiction exists." ADD argues that this is insufficient to establish that the minimum jurisdictional amount is satisfied.

Pursuant to 28 U.S.C. § 1446(a), "[t]o remove a case from a state to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a).  If removal is based on diversity subject matter jurisdiction, the amount in controversy requirement must be met. Id.  When the plaintiff's state court complaint demands a stated sum of monetary relief that is asserted in good faith, that amount is "deemed to be the amount in controversy." Id. (quoting 28 U.S.C. § 1446(c)(2)).  However, if the plaintiff's complaint seeks nonmonetary relief or does not state the amount in controversy, the defendant may state the amount in controversy in the notice of removal. Id. (citing 28 U.S.C. § 1446(c)(2)(A)).

In Dart, the Supreme Court of the United States held that, to satisfy § 1446(a)'s requirement of a "short and plain" statement of the grounds for removal, "a defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[,]" and does not require evidentiary support. Id. at 554. However, if the plaintiff or the court questions the defendant's allegation as to the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 554 (citing 28 U.S.C. § 1446(c)(2)(B)).

ADD's state court petition seeks nonmonetary relief in the form of a declaration that the defendants breached the contracts by failing to perform their contractual obligations, and as a result

of the breaches, the contracts are terminated.  In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. Hunt v. Wash. State Apple Advert. Comm'n, 97 S.Ct. 2434, 2443 (1977).  The United States Court of Appeals for the Fifth Circuit has held that the object of the litigation is the value to the plaintiff of the right to be protected or the extent of the injury to be prevented. Alfonso v. Hillsborough Cty. Aviation Auth., 308 F.2d 724, 727 (5th Cir. 1962).  "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547 (5th Cir. 1961).

Defendants assert that the jurisdictional amount is satisfied because the January 7, 2016, Purchase and Sale Agreement is for an amount greater than $75,000.[1]  The proposed amount that defendants would pay ADD for the property is a sufficient approximation of its value.  Therefore, defendants have demonstrated by a preponderance of the evidence that the jurisdictional minimum is met, and this court has diversity subject matter jurisdiction.  ADD's motion to remand is DENIED.[2]

## CONCLUSION

**IT IS HEREBY ORDERED** that Algiers Development District's Motion to Remand (Doc. #6) is **DENIED**.

New Orleans, Louisiana, this  12th  day of January, 2017.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[1]  As specific amount is not stated because the January 7, 2016, Purchase and Sale Agreement is confidential and was filed under seal.

[2]  Because this court has found that it has diversity subject matter jurisdiction, it is unnecessary to discuss whether there is also federal question subject matter jurisdiction under 28 U.S.C. § 1331.