## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALGIERS DEVELOPMENT DISTRICT** | **Civil Action No.:  16-16402** |
| **versus** | **JUDGE: Lemmon ("S")** |
| **VISTA LOUISIANA, LLC et al.** | **MAGISTRATE: Wilkinson (2)** |

## **MOTION TO DISMISS**

NOW INTO COURT come Plaintiff and Defendant-in-Counterclaim, Algiers Development District ("ADD"), and Third Party Defendants, Senator Troy Carter ("Senator Carter"), Senator Jean-Paul "JP" Morrell ("Senator Morrell"), James Henderson, Jr. ("Mr. Henderson"), Paul Collins ("Mr. Collins"), Joe Toomy ("Mr. Toomy"), Mark Major ("Mr. Major') , Representative Gary Carter, Jr. ("Representative Carter"), and Kathy Lynn Honaker ("Ms. Honaker")[1] (collectively, "Third Party Defendants"), who move to dismiss Count IV of the Counterclaim (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) and the Third Party Demand filed by Defendants, Plaintiffs-in-Counterclaim, and Third Party Plaintiffs, Vista Louisiana LLC, Vista Trust and DeVere Construction Company, Inc. (collectively "Vista") pursuant to Federal Rule of Civil Procedure

---

[1] Also made a defendant in the Third Party Demand is "XYZ Insurance Company, the insurance company who issued a director's and officer's insurance policy to ADD and its members." Doc. 4 ¶14. This fictitious entity has not been served and is not an actual party to these proceedings.

12(b)(6) for failure to state a claim upon which relief can be granted. As will be shown more fully in the Memorandum In Support filed concurrently herewith, ADD states as follows:

1.

Vista has failed to state a claim on which relief can be granted as to Count IV of the Counterclaim which alleges that termination of the contracts at issue deprived Vista of a protected property interest in violation of 42 U.S.C. § 1983. Doc. 4 ¶¶ 86-89.

2.

It is well established that Vista's bare allegations of breach of contract and violations of due process do not give rise to a violation of a constitutionally protected interest and are insufficient to state a claim under § 1983. *See e.g., Bleeker v. Dukakis*, 665 F.2d 401, 403 (lst Cir. 1981); *Cook v. Board of Sup'rs of Lowndes Co., Miss.*, 806 F.Supp. 610, 615 (N.D.Miss.1992); *Montauk Bus Co. Inc. v. Utica City Sch. Dist.*, 30 F.Supp.2d 313, 321 (N.D.N.Y 1998); *S & D Maintenance Co. v. Goldin*, 844 F.2d 962 (2nd Cir. 1988); *Heath v. Fairfax*, 542 F.2d 1236, 1238 (4th Cir. 1976).

3.

In addition to its unsupportable Counterclaim, Vista improperly tacked on a Third Party Demand in which it sued all of ADD's board members and its executive director *personally* and in their official capacity for the same type of § 1983 claim that they allege against ADD in the Counterclaim – all of which arise out of an alleged breach of contract by ADD. Doc. 4 ¶¶ 1-35. There is no privity of contract between Vista and the Third Party Defendants, nor can the Third Party Defendants be held personally liable for an alleged breach of a contract between ADD and Vista.

4.

Regardless of whether the claims are being levied against ADD or board members and directors of ADD in their individual and official capacity, Vista's simple breach of contract claims fail to assert a deprivation of a constitutionally protected property interest and thus Count I (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) and Count II (Individual Liability) of the Third Party Demand fail to state a claim under § 1983 against the Third Party Defendants for the same reasons the Counterclaim fails to state a claim under § 1983 against ADD.

5.

In addition, Count I (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) of the Third Party Demand against the Third Party Defendants in their official capacities should be dismissed because ADD is the real party in in interest. Where, as here, Vista has named ADD as a defendant on the § 1983 claim, asserting the same claim against ADD's Board Members and Executive Director in their official capacities is considered redundant and an inefficient use of judicial resources. *See e.g., Graham v. Hodge*, 69 F. Supp. 3d 618, 626–27 (S.D. Miss. 2014), *aff'd*, 619 F. App'x 394 (5th Cir. 2015); *Davoll v. Webb*, 943 F.Supp. 1289, 1296 (D. Colo. 1996); *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987); *Busby v. City of Orlando*, 931 F.2d 764 (11th Cir. 1991).

6.

Moreover, Count II of the Third Party Demand (Individual Liability) is also barred because the Third Party Defendants are entitled to qualified immunity against Vista's individual liability claims. *See Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).

WHEREFORE, ADD prays that this Court enter an order dismissing Count IV of the Counterclaim (Depravation of Substantive Due Process Rights Under the United States and Louisiana Constitution) and the Third Party Demand filed by Vista.

Respectfully submitted,

*/s/ Edward D. Wegmann*
EDWARD D. WEGMANN (No. 13315) (TA)
MICHAEL C. DREW (No. 30884)
RICHARD CORTIZAS (No. 28890)
ALLISON B. KINGSMILL (No. 36532)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170-5100
Telephone: (504) 582-8226
Fax: (504) 589-8226
dwegmann@joneswwalker.com
mdrew@joneswalker.com
rcortizas@joneswalker.com
akingsmill@joneswalker.com
**Attorneys for Algiers Development District**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all parties or their attorneys by filing the same in this Court's CM/ECF system, on this 6th day of February, 2017.

*/s/ Edward D. Wegmann*
EDWARD D. WEGMANN