UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALGIERS DEVELOPMENT DISTRICT** | Civil Action No.:  16-16402 |
| versus | JUDGE: Lemmon ("S") |
| **VISTA LOUISIANA, LLC et al.** | MAGISTRATE: Wilkinson (2) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM AND THIRD PARTY DEMAND**

Plaintiff and Defendant-in-Counterclaim, Algiers Development District ("ADD"), and Third Party Defendants, Senator Troy Carter ("Senator Carter"), Senator Jean-Paul "JP" Morrell ("Senator Morrell"), James Henderson, Jr. ("Mr. Henderson"), Paul Collins ("Mr. Collins"), Joe Toomy ("Mr. Toomy"), Mark Major ("Mr. Major') , Representative Gary Carter, Jr. ("Representative Carter"), and Kathy Lynn Honaker ("Ms. Honaker")[1] (collectively, "Third Party Defendants"), respectfully submit this memorandum in support of their motion to dismiss Count IV of the Counterclaim (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) and the Third Party Demand filed by Defendants, Plaintiffs-in-Counterclaim, and Third Party Plaintiffs, Vista Louisiana LLC, Vista Trust and DeVere Construction Company, Inc. (collectively "Vista") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[1] Also made a defendant in the Third Party Demand is "XYZ Insurance Company, the insurance company who issued a director's and officer's insurance policy to ADD and its members." Doc. 4 ¶14.  This fictitious entity has not been served and is not an actual party to these proceedings.

{N3363112.5}                                                        1

**INTRODUCTION**

ADD, a political subdivision of the State of Louisiana, is a special taxing district of the City of New Orleans created by La. R.S. 33:2740.27 to promote economic development within the City's 15th Ward. As provided by statute, it is managed by a seven-member Board composed of the two state representatives who represent the 15th Ward of Orleans Parish (or their designees); the two state senators who represent the 15th Ward of Orleans Parish (or their designees); the councilmember who represents the 15th Ward of Orleans Parish (or the member's designee); the mayor of New Orleans (or his designee); and the assessor for the 15th Ward of Orleans Parish (or the assessor's designee). The current Board consists of Senator Carter, Senator Morrell, Mr. Henderson, Mr. Collins, Mr. Toomy, Mr. Major, and Representative Carter. Ms. Honaker is the Executive Director of ADD.

The suit before the Court involves an ordinary breach of contact action between ADD and Vista involving ADD's efforts to develop the former United States Navy barracks and associated property in Orleans Parish previously known as "Federal City" and now called "New Orleans Riverside at Historic Algiers" (the "Project"). Doc. 1-1 ¶ 4. ADD engaged Vista as Master Developer for the Project. After Vista failed to meet certain requirements and deadlines under the Master Development Agreement (and follow-on contracts), ADD filed this suit seeking declaration of this Court that (1) Vista has breached certain contracts between ADD and Vista involving by failing to reasonably and diligently perform its contractual obligations, and (2) that as a result of Vista's failures to discharge its contractual obligations, the contracts between ADD and Vista are terminated. Doc. 1-1 ¶ 3. In response, Vista filed a Counterclaim against ADD consisting of four counts, all of which allege claims arising out of ADD's contracts with Vista to develop the Project: Count I- Demand for Specific Performance; Count II- In the Alternative, Breach of Contract; Count

III- Attorney's Fees; and Count IV-Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution.  Doc. 4 ¶¶ 86-89.  For the reasons set forth more fully below, Vista has failed to state a claim on which relief can be granted as to Count IV of the Counterclaim which alleges that termination of the contracts at issue deprived Vista of a property interest in violation of 42 U.S.C. § 1983.  Doc. 1 ¶ 15.  Through self-serving and contrived bare assertions of the deprivation of property rights, Vista tries to "make a federal case out of" an ordinary contract dispute.  Neither § 1983 nor the cases interpreting it support any such cause of action.  *See Braden v. Texas A&M Univ.*, 636 F.2d 90, 93 (5th Cir. 1981) ("[j]ust as § 1983 does not create a cause of action for every state-action tort, it does not make a federal case out of every breach of contract by a state agency." (citation omitted)).

In addition to its unsupportable Counterclaim, Vista improperly tacked on a Third Party Demand in which it sued all of ADD's Board Members and its Executive Director **personally** for the same type of § 1983 claim that they allege against ADD in the Counterclaim -- all of which arise out of an alleged breach of contract by ADD.  There is no privity of contract between Vista and the Third Party Defendants and the Third Party Defendants cannot be held personally liable for an alleged breach of a contract between ADD and Vista.  Counts I (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) and II (Individual Liability) fail to state a claim under § 1983 against the Third Party Defendants for the same reasons the Counterclaim fails to state a claim under § 1983 against ADD.  Moreover, Count II of the Third Party Demand (Individual Liability) is also barred because the Third Party Defendants are entitled to qualified immunity against Vista's individual liability claims.

Accordingly, this Motion should be granted.  Count IV of the Counterclaim and the entire Third Party Demand should be dismissed.

## BACKGROUND

ADD entered into three (3) contracts with Vista by which Vista became the Master Developer for the Project to fulfill its statutory duty to "facilitate development within the district." La. R.S. 33:2740.27 (H)(2)(b); *accord* Doc. 1-1 ¶ 5. These contracts included a March 2, 2015 Master Development Agreement, a January 1, 2016 First Supplemental Development Agreement, and a January 7, 2016 Purchase and Sale Agreement which set forth Vista's contractual obligations as Master Developer (collectively, the "Development Agreements"). The Development Agreements included, among other things, a series of Performance Expectations that the developer (Vista) must meet. These Performance Expectations include such things as (1) providing adequate evidence that the developer has in place the necessary financing to undertake the redevelopment of Federal City (Doc. 1-1 ¶¶ 7-15), (2) obtaining the necessary rezoning of Federal City in order to subdivide the property (Doc. 1-1 ¶¶ 18-21), and (3) submitting certain Project Business Plans (Doc. 1-1 ¶¶ 25-32). As detailed in ADD's petition, Vista did not meet any of these Performance Expectations.

The contracts between Vista and ADD provided that a failure to meet Performance Expectations is a default, which must be cured within 30 days from notice. Doc. 1-1 ¶¶ 16, 22. Failure to cure the default gives ADD the right to terminate the contracts. *Id.* ¶¶ 17, 24, 33. ADD provided Vista with notice of each of its defaults under the contracts. *Id.* ¶¶ 16, 21, 31-32. In each case, Vista failed to cure the default. *Id.* ¶¶ 16, 23, 30-32. As a result, ADD is entitled to terminate these contracts with Vista and it brought this lawsuit in in the Civil District Court for the Parish of Orleans, State of Louisiana on October 14, 2016 (more than 30 days after notices of default were sent) seeking a declaration as to the propriety of this termination. *Id.* ¶ 3 & Prayer. On November 16, 2016 Vista removed the suit to this Court (Doc. 1). On November 28, 2016, Vista filed its

Answer, Defenses, and Counterclaim against ADD. Doc. 4. Vista also filed a Third Party Demand against the Third Party Defendants as members and directors of ADD. *Id.*

## LAW AND ARGUMENT

### I. Standard Of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss any claim for failure to state a claim upon which relief can be granted. To avoid a 12(b)(6) dismissal, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations and footnote omitted). Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. In other words, the complaint must contain enough facts to state a plausible basis for the claim. *See id.; see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Systems Contractors Corp. v. Orleans Parish Sch. Bd.*, Nos. 94-2276, 95-3310, 1996 WL 547414, at *1 (E.D. La. Sept. 24, 1996) ("The court is not required to 'conjure up unpled allegations' to save a complaint."). Further, dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations in the complaint, a dispositive legal issue precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

Because Count IV (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) of the Counterclaim and Counts I (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) and II (Individual Liability) of the Third Party Demand fail to state a claim for which relief can be granted, dismissal is warranted

under Rule 12(b)(6).

## II. Count IV (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) of Vista's Counterclaim Should be Dismissed for Failure to State a Claim

Vista alleges in Count IV of the Counterclaim that ADD violated 42 U.S.C. § 1983 by depriving Vista of substantive due process. "To state a claim under Section 1983, a plaintiff must [1] allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *Papagolos v. Lafayette Cty. Sch. Dist.*, 972 F. Supp. 2d 912, 923 (N.D. Miss. 2013). "The Fifth Circuit has recognized that to sustain a Section 1983 claim, a plaintiff is required to assert 'claims of specific conduct and actions giving rise to a Constitutional violation.'" *Id.* Count IV of the Counterclaim alleges that the termination of the Development Agreements deprived Vista of a property interest in the Property in violation of § 1983. Doc. 4 ¶¶ 86-89. Vista's simple breach of contract claims fail to assert a deprivation of a constitutionally protected property interest, and thus Vista fails to state a claim under § 1983.

Vista cannot turn a breach of contract suit into a claim under § 1983 simply because ADD is a state instrumentality. It is well established that Vista's bare allegations of breach of contract and violations of due process do not give rise to a violation of a constitutionally protected interest and are insufficient to state a claim under § 1983. *See Bleeker v. Dukakis*, 665 F.2d 401, 403 (lst Cir. 1981) ("A mere breach of a contractual right is not a deprivation of property without constitutional due process of law.... Otherwise virtually every controversy involving an alleged breach of contract with a governmental institution or agency or instrumentality would be a constitutional case."); *Cook v. Board of Sup'rs of Lowndes Co., Miss.*, 806 F.Supp. 610, 615 (N.D.Miss.1992) ("Breaches or non-renewals of contracts do not amount to deprivations of property without due process actionable

under § § 1983"); *Professional Police Svcs., Inc. v. Housing Auth. of the City of Charlotte, N.C.*, 2016 WL 828630, *3 (W.D.N.C. Feb. 2, 2016) ("Here, Plaintiff's only claim is that Defendants breached the contract by not renewing it.  Plaintiff has adequate state remedies for any contract or tort claims."); *Montauk Bus Co. Inc. v. Utica City Sch. Dist.*, 30 F.Supp.2d 313, 321 (N.D.N.Y 1998) (commercial vendor's "simple, state-law contractual rights, without more ... are not the type of important interests that have heretofore been accorded the protection of substantive due process"); *S & D Maintenance Co. v. Goldin*, 844 F.2d 962, 967–71 (2nd Cir. 1988) (holding that the contractual relationship between a contractor and a public agency does not create a constitutionally protected interest in the payment of sums allegedly due pursuant to the contract); *Chavez v. Arte Publico Press*, No. 93-2881, 1998 WL 785299, at *7 (5th Cir. Oct. 1, 1998) ("courts have generally held that a state's breach of a contract does not constitute a procedural due process violation cognizable by a § 1983 action in federal court."); *Heath v. Fairfax*, 542 F.2d 1236, 1238 (4th Cir. 1976) (holding that the plaintiffs' claim which was based on a city's failure to pay them the salary allegedly provided for by a contract did not rise to the level of a due process violation).

These courts have distinguished ordinary contract rights from the sort of property that is protected by due process.  The Second Circuit explained:

> An interest in enforcement of an ordinary commercial contract with a state is qualitatively different from the interests the Supreme Court has thus far viewed as 'property' entitled to procedural due process protection.... **[T]he Due Process Clause is invoked to protect something more than an ordinary contractual right**. Rather, procedural protection is sought in connection with a state's revocation of a status, an estate within the public sphere characterized by a quality of either extreme dependence in the case of welfare benefits, or permanence in the case of tenure, or sometimes both, as frequently occurs in the case of social security benefits.... But we hesitate to extend the doctrine further to constitutionalize contractual interests that are not associated with any cognizable status of the claimant beyond its temporary role as a government contractor.

*S & D Maintenance Co. v. Goldin*, 844 F.2d 962, 966-67 (2d Cir. 1988) (emphasis added). Thus, ordinary contract actions do not rise to the level of constitutionally protected rights necessary to support an action under §1983.

Even if an ordinary breach of contract action could support a colorable claim under § 1983, that claim cannot proceed unless the claimant was deprived of its rights without due process. Vista's own actions confirm that it has not been deprived of any rights (whether protected by § 1983 or not). To the contrary, both ADD and Vista have brought suit to determine the parties' respective rights and remedies under the Development Agreements. The Supreme Court has clearly held that an action for breach of contract under state law ***constitutes due process*** and fully protects the party claiming breach. *Lujan v. G&G Fire Sprinklers, Inc.,* 532 U.S. 189, 196-97 (2001); *accord id.* at 197 ("We hold that if California makes ordinary judicial process available to respondent for resolving its contractual dispute, that process is due process."). Vista has not alleged – nor can it – that it is unable to sue ADD for breach of contract. Indeed, Vista has done just that in its Counterclaim. *See* Doc. 4 ¶¶ 75-82.

Accordingly, Vista fails to state a claim under § 1983 where it merely alleges breach of contract claims involving a public entity, fails to assert a deprivation of any constitutionally protected interest, and fails to plead any denial of due process. Count IV of Vista's Counterclaim must be dismissed on these grounds.

### III. Vista's Third Party Demand Against ADD's Board Members and Executive Director Should be Dismissed for Failure to State a Claim

#### A. **Counts I (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) and II (Individual Liability) of the Third Party Demand Fail to State a Claim under 42 U.S.C. § 1983.**

Regardless of whether the claims are being levied against ADD or the Board Members and Executive Director of ADD in their individual and official capacity, Vista's simple breach of

contract claims fail to assert a deprivation of a constitutionally protected property interest and thus Vista fails to state a claim under § 1983.  As with the Counterclaim, Vista alleges that the Third Party Defendants are attempting to terminate the Development Agreements in violation of its due process rights.  Doc. 4 ¶¶ 28, 34.  However, again, Vista fails to assert a deprivation of any constitutionally protected interest.  For all of the reasons set forth in the preceding section, Vista fails to state a claim under § 1983, and the Third Party Demand should be dismissed in its entirety.  *See supra* Section II.  Merely suing the Board Members and Executive Director of ADD does not transform their contract claim into a claim for the deprivation of constitutional rights without due process.

In addition, Count I (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) of the Third Party Demand against the Third Party Defendants in their official capacities should be dismissed because ADD is the real party in in interest.  The Supreme Court has explained that "the real party in interest in an official-capacity suit is the government entity itself and not the named official."  *Hafer v. Melo*, 502 U.S. 21, 25 (1992).  Where, as here, Vista has named ADD as a defendant on the § 1983 claim, asserting the same claim against ADD's Board Members and Executive Director in their official capacities is considered redundant and an inefficient use of judicial resources.  Thus courts have routinely found that it is proper to dismiss the claims against the individual in his official capacity and retain them against the real party in interest.  *See e.g., Graham v. Hodge*, 69 F. Supp. 3d 618, 626–27 (S.D. Miss. 2014), *aff'd*, 619 F. App'x 394 (5th Cir. 2015); *McCoy-Eddington v. Brazos Cty.*, No. CIV.A. H-05-0395, 2007 WL 1217989, at *2 (S.D. Tex. Apr. 24, 2007; *Davoll v. Webb*, 943 F.Supp. 1289, 1296 (D. Colo. 1996); *Rini v. Zwirn*, 886 F. Supp. 270, 281 (E.D.N.Y. 1995); Busby v. City of Orlando, 931 F.2d 764 (11th Cir. 1991); *Robinson v. D.C.*, 403 F. Supp. 2d 39 (D.D.C. 2005); *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th

Cir. 1987).

Further, Count II (Individual Liability) of the Third Party Demand should be dismissed because a state actor may be liable under § 1983 only if he "was personally involved in the acts causing deprivation of his constitutional rights." *Douthit v. Jones*, 641 F.2d 345, 246 (5th Cir. 1981) (citing *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980)). Therefore, proof of an individual defendant's personal involvement in the alleged wrong is a prerequisite to his liability on the claim for damages under § 1983. *See Alton v. Texas A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1210 (5th Cir. 1979).

In the Third Party Demand, Vista asserts claims of ***personal*** liability against ADD's Board Members and its Executive Director for the same claims that it asserts against ADD in the Counterclaim. A review of Vista's Third Party Demand reveals no allegations giving rise to a plausible inference that the individual Board Members and Executive Director of ADD were personally involved in the complained-of conduct. Vista' claims of personal liability are entirely without merit and obviously brought for an improper purpose. Vista's claims arise out of the Development Agreements between ADD and Vista. None of the Third Party Defendants were parties to these contracts and there is no privity of contract between the Third Party Defendants and Vista. Accordingly, none of the Third Party Defendants are liable or can be claimed to be liable for alleged breach of contract.[2]

### B. The Doctrine of Qualified Immunity Bars Count II (Individual Liability) of the Third Party Demand.

---

[2] *McKee v. Hanover Ins. Co.*, No. 06-1241, 2007 WL 837247, at *1 (W.D. La. Mar. 15, 2007) ("[t]o assert a cause of action for breach of contract, a party must prove both the existence of a contract and privity of that contract."); *see also Forney Messenger, Inc. v. Tennon*, 959 F. Supp. 389, 393 (N.D. Tex. 1997) (plaintiff did not state cause of action against former city council members in their individual capacities where council members could not be held individually liable for damages which stem from the City's breach of the contract).

As a matter of law, Vista has no claim against any of the Third Party Defendants arising out of the Development Agreements. To get around this obvious fact, Vista attempt to manufacture a claim by baselessly alleging that the Third Party Defendants are individually liable under § 1983 for attempting to terminate Vista's property interest in the Development Agreements. Doc. 4 ¶ 28. This count of the Third Party Demand (Individual Liability) is barred for the additional reason that the Third Party Defendants are entitled to qualified immunity against Vista's individual liability claims.

Count II of Vista's Third Party Demand alleges that the Third Party Defendants are individually liable under § 1983 for terminating the Development Agreements in violation of its due process rights. Doc. 4 ¶ 34. However, any § 1983 claim against the Third Party Defendants in their individual capacity is barred by the doctrine of qualified immunity.[3]

"Qualified" or "good faith" immunity shields government officials performing discretionary functions from liability "unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994). In considering a claim of qualified immunity, the court must make a two-step inquiry:

> First, the court must determine whether the plaintiff has alleged a violation of a clearly established constitutional right. If the plaintiff fails this step, the defendant is entitled to qualified immunity. If she is successful, the issue becomes the objective legal reasonableness of the defendant's conduct under the circumstances.

---

[3] *Modica v. Taylor*, 465 F.3d 174, 188 (5th Cir. 2006) (executive director of state agency employer was entitled to qualified immunity for her decision to discharge state agency employee); *Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004) (Texas Department of Criminal Justice's executive director, senior warden, and director of classification, were entitled to qualified immunity with respect to prisoner's claims under § 1983); *Gaalla v. Brown*, 460 F. App'x 469, 477 (5th Cir. 2012) (members of county-owned hospital's board of directors and hospital's administrator/CEO were entitled to qualified immunity from suit on § 1983 claim).

*Johnston v. City of Houston*, 14 F.3d 1056, 1059 (5th Cir. 1994) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "Whether a government official is entitled to qualified immunity 'generally turns on the "objective reasonableness of the action" assessed in light of the legal rules that were "clearly established" at the time it was taken.'" *Texas Faculty Ass'n v. University of Tex. at Dallas*, 946 F.2d 379, 389 (5th Cir. 1991). "The plaintiff bears the burden of proving that a government official is not entitled to qualified immunity." *Michalik v. Hermann*, 422 F.3d 252, 258 (5th Cir. 2005).

First, for the reasons set forth above, Vista fails to assert that it was deprived of a constitutionally protected property interest, a predicate for a § 1983 claim. *See supra* Section II. Consequently, Vista is without the necessary property right for stating a § 1983 claim. Second, the termination of the Development Agreements was objectively reasonable in light of the legal rules clearly established at the time of the claim. The Development Agreements included a series of Performance Expectations that Vista was required to meet. However, as explained in the petition, Vista did not meet each of these Performance Expectations. The Development Agreements provided that a failure to meet Performance Expectations is a default, which must be cured within 30 days from notice. Doc. 1-1 ¶¶ 16, 22. Failure to cure the default gives ADD the right to terminate the contracts. *Id.* ¶¶ 17, 24, 33. ADD provided Vista with notice of each of its defaults under the contracts. *Id.* ¶¶ 16, 21, 31-32. In each case, Vista failed to cure the default. *Id.* ¶¶ 16, 23, 30-32. ADD was thus entitled to terminate these contracts with Vista. Consequently, under the then established law and terms of the contracts, Vista cannot prove that the termination of the Development Agreements was objectively unreasonable. Accordingly, the Third Party Defendants are entitled to qualified immunity, and Count II (Individual Liability) of the Third Party Demand should be dismissed.

## CONCLUSION

For the reasons expressed in this memorandum and in the motion to dismiss Counterclaim and Third Party Demand and pursuant to Federal Rule of Civil Procedure 12(b)(6), ADD prays for an order dismissing Count IV of the Counterclaim and the entire Third Party Demand filed by Vista with prejudice.

Respectfully submitted,

*/s/ Edward D. Wegmann*
EDWARD D. WEGMANN (No. 13315) (TA)
MICHAEL C. DREW (No. 30884)
RICHARD CORTIZAS (No. 28890)
ALLISON B. KINGSMILL (No. 36532)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170-5100
Telephone: (504) 582-8226
Fax: (504) 589-8226
dwegmann@joneswwalker.com
mdrew@joneswalker.com
rcortizas@joneswalker.com
akingsmill@joneswalker.com
***Attorneys for Algiers Development District***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all parties or their attorneys by filing the same in this Court's CM/ECF system, on this 6th day of February, 2017.

*/s/ Edward D. Wegmann*
EDWARD D. WEGMANN