UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALGIERS DEVELOPMENT DISTRICT** | **Civil Action No.: 16-16402** |
| versus | JUDGE: Lemmon ("S") |
| **VISTA LOUISIANA, LLC et al.** | MAGISTRATE: Wilkinson (2) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
COUNTERCLAIM AND THIRD PARTY DEMAND**

Plaintiff and Defendant-in-Counterclaim, Algiers Development District ("ADD"), and Third Party Defendants, Senator Troy Carter, Senator Jean-Paul "JP" Morrell, James Henderson, Jr., Paul Collins, Joe Toomy, Mark Major, Representative Gary Carter, Jr., and Kathy Lynn Honaker (collectively, "Third Party Defendants"), respectfully submit this Reply Memorandum in support of their Motion to Dismiss Counterclaim and Third Party Demand (Doc. 21) to address arguments asserted by Defendants, Plaintiffs-in-Counterclaim, and Third Party Plaintiffs, Vista Louisiana LLC, Vista Trust, and DeVere Construction Company, Inc. (collectively, "Vista"), in their Opposition Memorandum (Doc. 22).

**LAW AND ARGUMENT**

**I.   ADD's Motion to Dismiss Count IV (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) of Vista's Counterclaim Should Be Granted.**

    **A.   The Development Agreements Do Not Create Any Protected Property Interests That Support A Substantive Due Process Claim.**

Vista and ADD are engaged in a commercial contract dispute. The only fact that distinguishes this dispute from any other contract dispute is ADD's status as a political subdivision. The case law is clear that status alone does not turn the contract dispute into a

federal Due Process claim under 42 U.S.C. § 1983. *See* Memorandum in Support of Motion to Dismiss Counterclaim and Third Party Demand ("Memo in Support"), Doc. 21-1 at 6-8. Substantive due process is only implicated when a party alleges "something more than an ordinary contractual right." Doc. 21-1 at 7 (quotation omitted).

The Seventh Circuit recently explained this critical distinction.

> With respect to the substantive due process claim, Taake appears to have initially assumed that because the alleged contract had to do with *land,* a substantive constitutional *property* interest was at stake. In reality, Taake's interest was a commercial interest under a contract to benefit from the deal he believes he struck with the County. … Just as the Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation, nor does it transform every breach of contract committed by a state actor into a constitutional violation.

*Taake v. County of Monroe*, 530 F.3d 538, 542-543 (7th Cir. 2008) (internal quotations omitted); *accord Horwitz-Matthews, Inc. v. City of Chicago*, 78 F.3d 1248, 1250 (7th Cir. 1996) ("For when a state repudiates a contract to which it is a party, it is doing nothing different from what a private party does when the party repudiates a contract; it is committing a breach of contract. It would be absurd to turn every breach of contract by a state or municipality into a violation of the federal Constitution.").

While Vista keeps repeating the mere conclusion that this dispute is not a simple breach of contract claim (*e.g.,* Doc. 22 at 10), tellingly it does not ever tell this Court what "something more" would be at stake beyond its commercial contract rights. The most Vista can offer is a misleading citation to the Takings Clause of the Louisiana Constitution. *Compare* Doc. 22 at 11 *with State ex rel Dep't of Transportation and Dev. v. Chambers Investment Co., Inc.*, 595 So.2d 598, 601-602 (La. 1992) (discussing history and purpose of La. Const. Art. I § 4 and its use of the term "property" in the context of eminent domain). This citation begs the question of what

eminent domain has to do with this case – the answer is nothing.  The Fifth Circuit's decision in *Braden v. Texas A&M University System*, 636 F.2d 90 (5th Cir. 1981) relied upon by Vista does not warrant a different outcome.  Doc. 22 at 9-10.  In *Braden*, the Fifth Circuit assumed without deciding that allegations of reputational injury and deprivation of a right to continued employment were not contract actions *for the purpose of determining which statute of limitations would apply to them*.  636 F.2d at 92 ("The district court dismissed the action for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), because the analogous state statute of limitations for suits arising out of oral contracts had run.  While the district court erroneously applied the state limitations statute applicable to contract actions, the claim was time-barred under the appropriate state statute of limitations, and we affirm its dismissal.").[1]  Thus, in holding that the plaintiff's allegations "are not mere breach of contract claims," all the Fifth Circuit did was identify a different category of time limitations which would apply to the claims alleged.  *Id.* at 93-94.  *Braden* simply does not address what "something more" is required to convert a contract claim that would give rise to a due process claim under § 1983.

Vista next offers the Court two wholly inapposite cases, neither of which stand for the proposition that a dispute over a real estate development contract alone can give rise to a constitutional due process claim.  First, Vista suggests that its real estate development contract is the equivalent of a statutory franchise granted to a public utility, citing *New Orleans Pub. Serv. Inc. v. Citizens Utilities Co.*, 98-0805 (La. App. 4th Cir. 1/6/99), 726 So.2d 1012, 1015, *writ denied*, 99-0370 (La. 3/26/99), 739 So.2d 798.  Doc. 22 at 11-12.  In that case, the franchise

---

[1] *Accord id.* ("Because Congress did not establish a statute of limitations applicable to actions brought in federal court under Section 1983, federal courts apply the state law of limitations governing an analogous state cause of action. … The analogous state law claim for purposes of selecting the state statute of limitations should sound in tort, not contract.").

agreement at issue was a permit granted by the City to Entergy pursuant to a state statute. *Citizens,* 726 So.2d at 1016-107 (discussing La. R.S. 33:4405). More importantly, the Due Process Clause is nowhere implicated or discussed. Rather, Entergy, having been awarded a utility franchise, sought to block the City from contracting with another entity that had not been awarded a utility franchise. *Id.* at 1016 ("Thus, the holder of a nonexclusive franchise has the legal right to be free from the competition of one not having a valid franchise. Therefore, once the governing authority for the municipality having a population of one hundred thousand or more grants a franchise pursuant to LSA-R.S. 33:4405, the non-utility is barred from servicing the area."). Here, ADD has exercised its rights to terminate Vista's contract. Indeed, the very reason ADD filed its suit was to confirm the termination of Vista's contract. The Entergy case has no bearing on this dispute.

Second, Vista cites *Hearns Concrete Const. Co. v. City of Ypsilanti*, 241 F.Supp.2d 803, 812 (E.D. Mich. 2003), stating it addresses "a developer's constitutionally protect property interest in a development." Doc. 22 at 13. *Hearns* does not stand for such a proposition. In that case, the court held that the developer had a constitutionally protected property interest ***in a zoning permit*** when the zoning permit complied with the existing zoning regulations, the site plan had been approved, and the work had been started. *Hearns,* 241 F.Supp.2d at 812.[2] In that case, the owner had submitted a site plan, received approval for the plan, obtained a building permit, and commenced construction. *Id*. at 806. His Due Process Claim arose out of the subsequent withdrawal of the regulatory approval and issuance of a stop-work order. *Id.* at 812.

---

[2] Moreover, zoning cases only rise to the level of due process concerns where the local regulator lacks discretion in awarding the permit at issue. *See Odlan Holdings, LLC v. City of New Orleans*, 109 F.Supp.2d 503, 504-505 (E.D. La. 2000).

Vista's claim against ADD is that the termination was improper and that ADD has not met its contractual obligations. *See, e.g.,* Counterclaim (Doc. 4 ¶¶ 76-78).

Vista does not have a constitutionally protected property interest in the Development Agreements. Accordingly, it cannot maintain a substantive Due Process claim and its claim must be dismissed.

### B. ADD's Alleged Conduct Does Not "Shock The Conscience" and Vista Has No Viable Due Process Claim.

The Fifth Circuit has explained that "[s]ubstantive due process bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them. To state a viable substantive due process claim, the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence." *Marco Outdoor Advertising v. Regional Transit Authority*, 489 F.3d 669, 672 n.3 (5th Cir. 2007) (quotation omitted). Thus, "[t]he plaintiff must therefore demonstrate that the abuse of power by the state official shocks the conscience." *Id.* Even if Vista has a property interest in the Development Agreements – which it does not – terminating those agreements does not "shock the conscience." *See Crescent City Show Stables, LLC v. Lupo*, 2012 WL 1565443, *1 (E.D. La. May 1, 2012) ("Plaintiff's substantive due process claims are dismissed because any alleged violations were not egregious enough to qualify as conscience shocking.").

The Development Agreements included, among other things, a series of Performance Expectations that the developer (Vista) must meet. When Vista did not meet any of these Performance Expectations, ADD terminated them. While Vista argues that it met these requirements (Doc. 4 ¶¶ 77-78), it does not allege any action by ADD with respect to terminating the Development Agreements that rises to the level of "shocking the conscience." Indeed, that standard is difficult to meet. *See Nobles Const., LLC v. Washington Parish*, 544 Fed. Appx. 263,

267-268 (5th Cir. 2013) (finding that the arbitrary award of a public contract to an inferior bidder in contravention of Louisiana law did not "shock the conscience" and give rise to a substantive due process claim).[3]  Accordingly, Vista has failed to state a claim for substantive Due Process violations under § 1983, and Count IV of Vista's Counterclaim must be dismissed.

## II. Third Party Defendants' Motion to Dismiss the Third Party Demand Must Be Granted

### A. Since Vista Cannot Identify a Deprivation of Any Constitutionally Protected Right, The Third Party Demand Must Be Dismissed.

As discussed above, Vista's failure to allege a constitutionally protected property interest is fatal to any substantive Due Process claim.  Accordingly, for the same reasons set forth above, Third Party Defendants' Motion to Dismiss Count I (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) and Count II (Individual Liability) of the Third Party Demand must be granted.

### B. Vista Agreed to Dismiss Count I (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) of the Third Party Demand.

Vista agreed to dismiss its § 1983 claims against all of the Third Party Defendants in their official capacities, conceding that its § 1983 claims are against ADD, the real party in interest. Doc. 22 at 15.  Accordingly, the Court should dismiss Count I (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) of the Third Party Demand.

---

[3] *See also id.* at 267 (noting that the *Marco Outdoor Advertising* court implicitly held that allowing a single bidder to lower his bid in order to win a contract was not sufficient to "shock the conscience.").

### C. Vista Concedes That it Failed to State Facts Sufficient to State a Claim of Personal Liability and Thus, Count II (Individual Liability) of the Third Party Demand Must Be Dismissed.

In its Memorandum in Support, ADD emphasized that Vista failed to allege any facts sufficient to state a claim of personal liability of each of the Third Party Defendant's in order to state a claim for damages under § 1983. Doc. 21-1 at 10. *See Alton v. Texas A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1210 (5th Cir. 1979). In its Opposition, Vista appears to target Senator Carter stating "that the systematic effort to toss Vista out began as soon as Troy Carter took the helm of ADD." Doc. 22 at 15. However, Vista fails to plead any material facts to support a claim of personal liability as to Senator Carter. In fact, the only allegations Vista makes against any of the Third Party Defendants are (a) their alleged failure to disclose a 2007 environmental study (Third Party Demand (Doc. 4 ¶¶ 16-18)) and (b) their vote to terminate the Development Agreements (*id.* ¶ 25). As Vista concedes, they have not pleaded sufficient facts to support its § 1983 claims against the Third Party Defendants in their individual capacities. Doc. 22 at 15-16. Vista's concession is further proof that its claims of individual liability are wholly without merit.[4]

Conceding that it failed to state a claim against the Third Party Defendants, ADD states that it will seek to amend its pleadings in an attempt to cure its deficiency. However, since it has been more than twenty-one (21) days since service of ADD's Motion to Dismiss Counterclaim and Third Party Demand on Vista[5], Vista must seek leave of court to amend its

---

[4] *See also* Doc. 21-1 at 8-12.

[5] Vista was served with the Motion to Dismiss Counterclaim and Third Party Demand (Doc. 21) on February 6, 2017. As a result, Vista had until February 27, 2017 to amend its Complaint without leave of court.

Complaint.[6] If requested, Vista will oppose the motion, and the Court should deny Vista leave of court to amend its Complaint because the complaint as amended would still be subject to dismissal. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) ("a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal.").

As discussed above, the entirety of the Third Party Demand is predicated on the false contention that the Development Agreements created a constitutionally-protected property right. Even assuming Vista can allege that each Third Party Defendant undertook specific actions which led to the cancelation of the Development Agreements, Vista still cannot state a claim against the Third Party Defendants. Vista does not have a constitutionally protected interest in the Development Agreements. Accordingly, amendment would be futile, and any § 1983 claim against the Third Party Defendants should be dismissed.

### D. The Doctrine of Qualified Immunity Bars Recovery Under Count II (Individual Liability) of the Third Party Demand.

Vista argues that the qualified immunity doctrine does not apply because the Third Party Defendants allegedly violated Vista's "clearly established" constitutional rights of which a

---

[6] Fed. R. Civ. P. Rule 15 provides:

> **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within: **(A)** 21 days after serving it, or **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

reasonable person would have known.  Doc. 22 at 17.  As discussed in Section I *supra*, Vista fails to identify any deprivation of a constitutionally protected property right by ADD's alleged breach of contract.  Vista has not pointed to any case law showing that a decision to terminate a commercial contract constitutes a deprivation of constitutionally-protected property rights.  The only cases offered by Vista are wholly inapposite.  Given that the clear weight of authority demonstrates that contract disputes of this nature do not rise to the level of constitutional rights, Vista cannot show that it has "clearly established" constitutional rights which would allow it to circumvent the Third Party Defendants' qualified immunity.  Indeed, Vista does not make any allegation to this point in its Third Party Demand, nor does Vista offer any authority showing that such contract disputes constitute "clearly established" constitutional rights.  *See* Third Party Demand (Doc. 4) ¶¶ 1-35; *accord* Doc. 22 at 3-6, 8-19.

Even if the Third Party Defendants' conduct did violate Vista's constitutional rights (which is denied), Vista has pleaded no facts and cannot plead any facts demonstrating that the Third Party Defendants knowingly violated the law.  The Development Agreements had a termination provision and the Third Party Defendants' in their official capacities merely exercised ADD's right under the Development Agreements.  The First Circuit in *Diaz–Bigio v. Santini* recently confirmed that:

> Immunity exists even where the abstract 'right' invoked by the plaintiff is well-established, so long as the official could reasonably have believed 'on the facts' that no violation existed.  Although the Supreme Court has made clear that municipal officers can be on notice that their conduct violates established law even in novel factual circumstances, it has also stressed that ***qualified immunity protects all but the plainly incompetent or those who knowingly violate the law***.  A right is clearly established and ***immunity will not issue only if every 'reasonable official would have understood that what he is doing violates that right.  If officers of reasonable competence could disagree on the lawfulness of the action, they are entitled to immunity.***

*Diaz–Bigio v. Santini*, 652 F.3d 45, 50–51 (1st Cir.2011) (internal citations omitted). As Vista states, "[c]learly, Vista and ADD see this dispute differently." Doc. 22 at 17. Vista has not alleged any fact nor made any argument that would support a finding that any reasonable person would have known terminating the Development Agreements in accordance with their terms violated a "clearly established" constitutional right. *See In re Aguilo Rodriguez*, No. 02-10294, 2008 WL 5099953, at *14 (Bankr. D.P.R. Oct. 31, 2008) (holding that government reasonably believed its decision to terminate the Lease Agreement did not violate plaintiffs' alleged constitutional rights in the property based on the provisions of the contracts and government's determination of default. Even if this reasoning were mistaken, it would not have been egregious so and, accordingly, qualified immunity was available.). Accordingly, the Third Party Defendants are entitled to qualified immunity, and Count II (Individual Liability) of the Third Party Demand should be dismissed.

## CONCLUSION

ADD and Third Party Defendants' Motion to Dismiss Counterclaim and Third Party Demand should be granted, and the Court should enter an order dismissing Count IV (Deprivation of Substantive Due Process Rights Under the United States and Louisiana Constitution) of the Counterclaim and the Third Party Demand in its entirety.

    Respectfully submitted,

    */s/ Edward D. Wegmann*
    EDWARD D. WEGMANN (No. 13315) (TA)
    MICHAEL C. DREW (No. 30884)
    RICHARD CORTIZAS (No. 28890)
    ALLISON B. KINGSMILL (No. 36532)
    Jones Walker LLP
    201 St. Charles Avenue, 49th Floor
    New Orleans, LA 70170-5100
    Telephone: (504) 582-8226
    Fax: (504) 589-8226

> dwegmann@joneswwalker.com
> mdrew@joneswalker.com
> rcortizas@joneswalker.com
> akingsmill@joneswalker.com
> ***Attorneys for Algiers Development District***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all parties or their attorneys by filing same in this Court's CM/ECF system, on this 21st day of March, 2017.

> */s/ Edward D. Wegmann*
> EDWARD D. WEGMANN