## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALGIERS DEVELOPMENT DISTRICT** | **Civil Action No.:  16-16402** |
| **versus** | **JUDGE: Lemmon ("S")** |
| **VISTA LOUISIANA, LLC et al.** | **MAGISTRATE: Wilkinson (2)** |

### ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff and Defendant-in-Counterclaim, Algiers Development District ("ADD"), which responds to the Counterclaim asserted by Defendant and Plaintiff-in-Counterclaim, Vista Louisiana, LLC, Vista Trust and DeVere Construction Company, Inc. (collectively " Vista" ), by denying all allegations therein except as expressly admitted herein, and by asserting the following answer and affirmative defenses:

### FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Vista's claims and causes of action are barred by the applicable prescriptive periods and/or statutes of limitation.

### THIRD DEFENSE

Vista's claims are barred in whole or in part by the doctrines of estoppel, unclean hand, and/or waiver.

**FOURTH DEFENSE**

Vista's claims are barred, in whole or in part, by fraud that induced entry into the purported contracts and that serves as a vice of consent to form a contract.

**FIFTH DEFENSE**

Vista's damages, if any, are caused by its own acts or omissions, or the acts or omissions of third parties other than ADD.

**SIXTH DEFENSE**

Vista's claims are barred, in whole or in part, by any applicable statute of frauds.

**SEVENTH DEFENSE**

Vista breached its contracts—if any—with ADD by failing to perform its obligations under the contracts.  By that reasons of said breach of contracts, ADD has been excused of any duties to perform all of the obligations set forth in said contracts.

**EIGHTH DEFENSE**

ADD was entitled to terminate the agreements—if any—with Vista because Vista breached the contracts—if any—with ADD by failing to perform its obligations under the contracts.

**NINTH DEFENSE**

All of the acts and actions taken by ADD herein were reasonable under the circumstances and were taken in good faith pursuant to valid and constitutional policies and in no way provide any basis for any claim under 42 U.S.C. § 1983.

**TENTH DEFENSE**

ADD further submits that the claims of Vista are frivolous, groundless and unreasonable and, as such, ADD is entitled to an award against Vista for all attorney's fees and costs expended in this matter pursuant to 42 U.S.C. § 1983.

**ELEVENTH DEFENSE**

ADD reserves the right to modify and/or add any additional affirmative defenses.

**AND NOW,** in further response to the Counterclaim, ADD avers as follows:

1.

The allegations of Paragraph 1 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 1 as written.

2.

The allegations of Paragraph 2 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 2 as written.

3.

The allegations of Paragraph 3 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 3 except to admit that DeVere Construction Company, Inc. is a Michigan corporation.

4.

ADD admits the allegations contained in Paragraph 4 of the Counterclaim.

5.

ADD denies the allegations contained in Paragraph 5 of the Counterclaim as written, except to admit that, on March 2, 2015, Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

6.

The allegations of Paragraph 6 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations as written.

7.

ADD denies the allegations contained in Paragraph 7 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

8.

ADD admits the allegations contained in Paragraph 8 of the Counterclaim.

9.

ADD admits the allegations contained in Paragraph 9 of the Counterclaim.

10.

ADD denies the allegations contained in Paragraph 10 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

11.

ADD denies the allegations contained in Paragraph 11 of the Counterclaim as written except to admit that Vista worked with Architects Southwest on a Master Plan, which was designated as the

"New Orleans Riverside at Historic Algiers, an Urban Development, Master Plan and Guiding Principles" by Architects Southwest, a Professional Corporation.   On October 26, 2015, Vista submitted the Master Plan, which approved by ADD on October 27, 2015, with certain additional stipulations by resolution adopted on December 22, 2015.

12.

ADD denies the allegations contained in Paragraph 12 of the Counterclaim as written except to admit that Vista and ADD entered into the First Development Agreement as of January 1, 2016.

13.

ADD denies the allegations contained in Paragraph 13 of the Counterclaim as written, except to admit that Vista and ADD entered into the First Supplemental Development Agreement and Purchase and Sale Agreement which, as documents, are the best evidence of their contents.

14.

ADD denies the allegations contained in Paragraph 14 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Plan and Purchase and Sale Agreement which, as documents, are the best evidence of their contents.

15.

ADD denies the allegations contained in Paragraph 15 of the Counterclaim as written, except to admit that on June 30, 2016, Vista furnished ADD certain documentation, which is the best evidence of its contents.

16.

To the extent Paragraph 16 of the Counterclaim references the contents of a written document, ADD avers that the document itself is the best evidence of its own contents.  ADD denies the remaining allegations of Paragraph 16 of the Counterclaim.

17.

ADD admits the allegations contained in Paragraph 17 of the Counterclaim.

18.

ADD admits the allegations contained in Paragraph 18 of the Counterclaim.

19.

To the extent Paragraph 19 of the Counterclaim references the contents of a written document, ADD avers that the document itself is the best evidence of its own contents.  ADD denies the remaining allegations of Paragraph 19 of the Counterclaim.

20.

ADD denies the allegations of Paragraph 20 of the Counterclaim as written except to admit that Vista provided documentation to ADD on June 30, 2016, evidencing sources of financing to purchase the Phase 1 Property and Phase 1A Redevelopment of the Counterclaim.

21.

To the extent Paragraph 21 of the Counterclaim references the contents of a written document, ADD avers that the document itself is the best evidence of its own contents.  ADD denies the remaining allegations of Paragraph 21 of the Counterclaim.

22.

ADD denies the allegations of Paragraph 22 as written of the Counterclaim.

23.

To the extent Paragraph 23 of the Counterclaim references the contents of a written document, ADD avers that the document itself is the best evidence of its own contents.  ADD denies the remaining allegations of Paragraph 23 of the Counterclaim.

24.

ADD denies the allegations contained in Paragraph 24 of the Counterclaim.

25.

ADD denies the allegations of Paragraph 25 of the Counterclaim for lack of knowledge or information sufficient to form a belief as to the truth therein.

26.

ADD denies the allegations of Paragraph 26 of the Counterclaim for lack of knowledge or information sufficient to form a belief as to the truth therein.

27.

To the extent Paragraph 27 of the Counterclaim references the contents of a written document, ADD avers that the document itself is the best evidence of its own contents. ADD denies the remaining allegations of Paragraph 27 of the Counterclaim.

28.

To the extent Paragraph 28 of the Counterclaim references the contents of a written document, ADD avers that the document itself is the best evidence of its own contents. ADD denies the remaining allegations of Paragraph 28 of the Counterclaim.

29.

To the extent Paragraph 29 of the Counterclaim references the contents of a written document, ADD avers that the document itself is the best evidence of its own contents. ADD denies the remaining allegations of Paragraph 29 of the Counterclaim.

30.

ADD denies the allegations of Paragraph 30 of the Counterclaim for lack of knowledge or information sufficient to form a belief as to the truth therein of the Counterclaim.

31.

To the extent Paragraph 31 of the Counterclaim references the contents of a written document, ADD avers that the document itself is the best evidence of its own contents.  ADD denies the remaining allegations of Paragraph 31 of the Counterclaim.

32.

The allegations of Paragraph 32 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 32 of the Counterclaim.

33.

ADD denies the allegations contained in Paragraph 33 of the Counterclaim.

34.

ADD denies the allegations contained in Paragraph 34 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

35.

ADD denies the allegations contained in Paragraph 35 of the Counterclaim as written.

36.

ADD denies the allegations contained in Paragraph 36 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

37.

ADD denies the allegations contained in Paragraph 37 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document,

is the best evidence of its contents.

38.

ADD denies the allegations of Paragraph 38 of the Counterclaim for lack of knowledge or information sufficient to form a belief as to the truth therein.

39.

ADD denies the allegations contained in Paragraph 39 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

40.

ADD denies the allegations contained in Paragraph 40 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

41.

ADD denies the allegations of Paragraph 41 of the Counterclaim for lack of knowledge or information sufficient to form a belief as to the truth therein.

42.

ADD denies the allegations contained in Paragraph 42 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

43.

ADD denies the allegations contained in Paragraph 43 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

44.

ADD denies the allegations of Paragraph 44 of the Counterclaim for lack of knowledge or information sufficient to form a belief as to the truth therein.

45.

ADD denies the allegations contained in Paragraph 45 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

46.

The allegations of Paragraph 46 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 46 of the Counterclaim.

47.

ADD denies the allegations contained in Paragraph 47 of the Counterclaim.

48.

ADD denies the allegations contained in Paragraph 48 of the Counterclaim as written.

49.

ADD denies the allegations contained in Paragraph 49 of the Counterclaim as written, except to admit that Vista and ADD entered into the First Supplemental Development Agreement which, as a document, is the best evidence of its contents.

50.

ADD denies the allegations contained in Paragraph 50 of the Counterclaim, except to admit that Vista and ADD entered into the First Supplemental Development Agreement which, as a document, is the best evidence of its contents.

51.

ADD denies the allegations contained in Paragraph 51 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

52.

The allegations of Paragraph 52 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 52 of the Counterclaim.

53.

ADD denies the allegations contained in Paragraph 53 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

54.

ADD denies the allegations contained in Paragraph 54 of the Counterclaim, except to admit that on June 30, 2016, Vista furnished ADD certain documentation, which is the best evidence of its contents.

55.

To the extent Paragraph 55 of the Counterclaim references the contents of a written document, ADD avers that the document itself is the best evidence of its own contents.  ADD denies the remaining allegations of Paragraph 55 of the Counterclaim as written.

56.

ADD denies the allegations contained in Paragraph 56 of the Counterclaim as written.

57.

The allegations of Paragraph 57 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 57 of the Counterclaim.

58.

ADD denies the allegations of Paragraph 58 of the Counterclaim.

59.

The allegations of Paragraph 59 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 59 of the Counterclaim.

60.

ADD denies the allegations contained in Paragraph 60 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

61.

ADD denies the allegations of Paragraph 61 of the Counterclaim for lack of knowledge or information sufficient to form a belief as to the truth therein.

62.

ADD denies the allegations contained in Paragraph 62 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

63.

ADD denies the allegations of Paragraph 63 of the Counterclaim for lack of knowledge or

information sufficient to form a belief as to the truth therein.

64.

The allegations of Paragraph 64 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 64 of the Counterclaim.

65.

The allegations of Paragraph 65 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 65 of the Counterclaim.

66.

ADD avers that Paragraph 66 of the Counterclaim does not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 66 of the Counterclaim.

67.

The allegations of Paragraph 67 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 67 of the Counterclaim.

68.

ADD denies the allegations contained in Paragraph 68 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

69.

ADD denies the allegations of Paragraph 69 of the Counterclaim.

70.

ADD denies the allegations of Paragraph 70 of the Counterclaim.

71.

ADD denies the allegations contained in Paragraph 71 of the Counterclaim as written, except to admit that Vista and ADD entered into the Master Development Agreement which, as a document, is the best evidence of its contents.

72.

ADD denies the allegations contained in Paragraph 72 of the Counterclaim.

73.

ADD avers that Paragraph 73 of the Counterclaim does not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 73 of the Counterclaim.

74.

ADD denies the allegations in Paragraph 74 of the Counterclaim except to admit that Vista requests an Order from this Court of the Counterclaim.

75.

ADD avers that Paragraph 75 of the Counterclaim does not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 75 of the Counterclaim.

76.

ADD denies the allegations contained in Paragraph 76 of the Counterclaim.

77.

ADD denies the allegations contained in Paragraph 77 of the Counterclaim.

78.

ADD avers that Paragraph 78 of the Counterclaim does not require a response by ADD. To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 78 of the Counterclaim.

79.

The allegations of Paragraph 79 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 79 of the Counterclaim.

80.

ADD denies the allegations contained in Paragraph 80 of the Counterclaim as written, except to admit that Vista and ADD entered into the Purchase and Sale Agreement which, as a document, is the best evidence of its contents.

81.

The allegations of Paragraph 81 constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 81.

82.

The allegations of Paragraph 82 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 82 of the Counterclaim.

83.

ADD avers that Paragraph 83 of the Counterclaim does not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 83 of the

Counterclaim.

84.

ADD denies the allegations contained in Paragraph 84 of the Counterclaim as written, except to admit that Vista and ADD entered into the Purchase and Sale Agreement which, as a document, is the best evidence of its contents.

85.

The allegations of Paragraph 85 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 85 of the Counterclaim.

86.

ADD avers that Paragraph 86 does not require a response by ADD of the Counterclaim.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 86 of the Counterclaim.

87.

The allegations of Paragraph 87 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 87 of the Counterclaim.

88.

The allegations of Paragraph 88 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 88 of the Counterclaim.

89.

ADD denies the allegations contained in Paragraph 89 of the Counterclaim except to admit that

ADD has not sold the Phase 1A Historic Property to Vista.

87. [1]

The allegations of Paragraph 87 constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 87.

88.

The allegations of Paragraph 88 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 88 of the Counterclaim.

89.

The allegations of Paragraph 89 of the Counterclaim constitute legal conclusions that do not require a response by ADD.  To the extent that a response is deemed necessary, ADD denies the allegations of Paragraph 89 of the Counterclaim.

**WHEREFORE**, Algiers Development District ("ADD") prays that the above and foregoing Affirmative Defenses and Answer to the Counterclaim asserted by Defendant and Plaintiff-in-Counterclaim, Vista Louisiana, LLC, Vista Trust and DeVere Construction Company, Inc. (collectively " Vista " ), be deemed good and sufficient, and that after legal delays and due proceedings, that there be judgment herein in favor of ADD, dismissing the Counterclaim at Vista's sole cost, and for all costs of these proceedings to which ADD may show itself justly entitled, and for all other equitable, legal, and general relief to which it is entitled.

---

[1] The numbering of the paragraphs in ADD's Answer corresponds with the numbering in Vista's Counterclaim, which is out of order following Paragraph 89.  Rec. Doc. 4 at 35.

Respectfully submitted

/s/ Edward D. Wegmann
EDWARD D. WEGMANN (No. 13315) (TA)
MICHAEL C. DREW (No. 30884)
RICHARD CORTIZAS (No. 28890)
ALLISON B. KINGSMILL (No. 36532)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170-5100
Telephone:  (504) 582-8226
Fax: (504) 589-8226
dwegmann@joneswwalker.com
mdrew@joneswalker.com
rcortizas@joneswalker.com
akingsmill@joneswalker.com

Attorneys for Algiers Development District,
Senator Troy Carter, Senator Jean-Paul "JP"
Morrell, James Henderson, Jr., Paul Collins, Joe
Toomy, Mark Major, Representative Gary Carter,
Jr., and Kathy Lynn Honaker

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all parties or their

attorneys by filing the same in this Court's CM/ECF system, on this 17th day of July, 2017.

/s/ Edward D. Wegmann
EDWARD D. WEGMANN